USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06/18/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WINCHESTER 84, LLC,

                    Plaintiff,

   -against-

MORROW EQUIPMENT COMPANY, LLC.

                    Defendant.

No. 23-CV-5871 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN. United States District Judge

    Plaintiff Winchester 84, LLC ("Plaintiff") brings this action for specific performance against Morrow Equipment Company, LLC ("Defendant"). (*See* Complaint ("Compl."), ECF No. 1-1.) Pursuant to Federal Rule of Civil Procedure 12(b)6), Defendant has moved to dismiss the Complaint and for attorneys' fees and costs incurred. (the "Motion", ECF No. 11.) For the following reasons, Defendant's Motion is GRANTED in part and DENIED in part.

**FACTUAL BACKGROUND**

    The following facts are taken from the Complaint and assumed to be true for the purposes of this Motion.

    On July 31, 2018, the parties entered into the Purchase Agreement whereby Defendant would purchase from Plaintiff a parcel of land in East Fishkill, New York (the "Property"). (Compl. ¶ 3.) At the time of signing, Morrow paid Plaintiff a $10,000 deposit. (*Id.* ¶ 4.) The transaction closing date ("Closing") was scheduled for March 22, 2023. (*Id.* ¶ 6.) Prior to Closing, on January 4, 2023, Defendant sent Plaintiff a letter informing it that it was terminating the Purchase Agreement. (*Id.* ¶ 7.) Plaintiff nevertheless proceeded to Closing, but Defendant did not appear at the Closing. (*Id.* ¶¶ 8-9.)

**PROCEDURAL HISTORY**

On June 16, 2023, Plaintiff filed suit against Defendant in New York State Supreme Court, Dutchess County. (*See* ECF No. 1-1.) On July 10, 2023, Defendant removed the case to this Court. (ECF No. 1.) Defendant filed the instant Motion on November 2, 2023 (ECF No. 11), as well as a memorandum of law in support thereof ("Def.'s MoL.", ECF No. 12) and a reply (ECF No. 15). Plaintiff filed opposition papers. ("Pltf.'s Opp.", ECF No. 14.)

**LEGAL STANDARD**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), for "failure to state a claim upon which relief can be granted," a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court will accept the facts in a complaint as true "and then determine whether they plausibly give rise to an entitlement to relief." *Id*. A claim is facially plausible when the factual content pleaded allows the Court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

**DISCUSSION**

I.    <u>Breach of Contract</u>

Defendant argues that, per the terms of Purchase Agreement itself, it did not breach the Agreement because prior to the alleged breach, Defendant had already validly terminated the Agreement. (Def.'s MoL at 6-7.) Plaintiff claims, however, that the question of whether the Defendant validly terminated the Purchase Agreement is "a triable issue of material fact." (Pltf.'s Opp. at 1.)

Section 3.6 of the Purchase Agreement, which Defendant attaches to its moving papers,[1] permits Defendant to terminate the Agreement during the Approval Period if Defendant is "unable" to obtain "Final Approvals" on "terms satisfactory to [Defendant] in its sole discretion." (ECF No. 13-1, Section 3.6.) The Agreement further provides that once Defendant provides Plaintiff with written notice that it is terminating the Agreement, "all of the rights, duties and obligations of the parties hereto shall immediately terminate and this Agreement shall be null, void and of no further force and effect except for those which are specifically herein stated to survive such termination." (*Id.*) Plaintiff admits in the Complaint that Defendant provided written notice of its decision to exercise its termination right on January 4, 2023 (Compl. ¶ 7), which was within the Approval Period (*see* ECF No. 13-11 (extending Approval Period to January 10, 2023).)

Per the terms of the Purchase Agreement, Defendant had the full right to exercise its termination power if it was "unable" to obtain "Final Approvals" on "terms satisfactory to [Defendant]." (ECF No. 13-1, Section 3.6.) Once Defendant chose to do so, "all of the rights,

---

[1] The Court can consider the Purchase Agreement, including its amendments, for purposes of Defendant's Motion because the Purchase Agreement is incorporated by reference in the Complaint and because it is integral to Plaintiff's claim for specific performance. *See Revitalizing Auto Communities Env't Response Tr. v. Nat'l Grid USA*, 92 F.4th 415, 436 (2d Cir. 2024) (explaining that in deciding a motion to dismiss, a district court may consider documents incorporated by reference in the complaint as well as those integral to a plaintiff's claims).

duties and obligations of the parties…*immediately* terminate[d]." (*Id.* (emphasis added).) As a result, by the Closing Date, there was no operative contract to be breached. Furthermore, nowhere in the Complaint does Plaintiff allege that Defendant obtained "Final Approvals" on "terms satisfactory to [it] in its sole discretion," thereby rendering its termination right inapplicable. (*See* ECF No. 13-1, Section 3.6.) Nor does Plaintiff plead that Defendant exercised its termination right in an improper manner. As a result, Plaintiff is unable to claim that Defendant breached the Purchase Agreement.

Plaintiff argues in its opposition the implied covenant of good faith and fair dealing applies and somehow calls into question "[w]hether Defendant was unable to obtain all final approvals on terms satisfactory to Defendant and whether Defendant made a good faith diligent effort to obtain the approvals." (*See* Pltf.'s Opp. at 4.) Setting aside the fact that Plaintiff does not assert a claim for breach of the implied covenant of good faith and fair dealing in its Complaint, the implied covenant cannot "be construed so broadly as effectively to nullify other express terms of a contract." *Titus v. UMG Recordings, Inc.,* No. 1:23-CV-00015, 2023 WL 8039622, at *12 (S.D.N.Y. Nov. 20, 2023) (citation omitted). For instance, as is the case here, "[i]f the express terms of a contract provide for unrestricted discretion, then an implied limit on that discretion would be inconsistent with the express terms of the contract." *Yang v. Bank of N.Y. Mellon Corp.*, No. 20-cv-03179 (AJN), 2021 WL 1226661, at *10 (S.D.N.Y. Mar. 31, 2021). The Purchase Agreement afforded Defendant a right to determine "in its *sole* discretion" whether the Final Approvals it obtained were on satisfactory terms. (ECF No. 13-1, Section 3.6 (emphasis added).) "Where a contract allows one party to terminate the contract in 'its sole discretion'…, the covenant of good faith and fair dealing cannot serve to negate that provision." *Transit Funding Assocs., LLC v. Cap. One Equip. Fin. Corp.,* 149 A.D.3d 23, 29–30, 48 N.Y.S.3d 110, 114 (2017) (quoting

*ELBT Realty, LLC v. Mineola Garden City Co., Ltd.,* 144 A.D.3d 1083, 1084, 42 N.Y.S.3d 304 (2d Dept. 2016); *see also Goureau v. Lemonis,* No. 1:20-CV-04691, 2021 WL 4847073, at *7 (S.D.N.Y. Oct. 15, 2021) ("state courts applying New York law have also refused to recognize a claim for breach of the implied covenant of good faith and fair dealing where the contract entitles one party to exercise complete and sole discretion with respect to the complained of actions.") (collecting cases); *Symquest Grp., Inc. v. Canon U.S.A.*, 186 F. Supp. 3d 257, 264-65 (E.D.N.Y. 2016) (finding no breach of contract where the "plain language of the [contract] grant[ed] [defendant] the sole discretion to terminate [plaintiff's] authorization to continue servicing [defendant's] products"). Moreover, the implied covenant does not "undermine a party's general right to act on its own interests in a way that may incidentally lessen the other party's expected benefit." *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc'y,* 769 F. 3d 807, 817 (2d Cir. 2014) (quotation marks and citation omitted).[2] Accordingly, that Defendant did not obtain Final Approvals on terms that it found satisfactory and thereby terminated the Agreement to Plaintiff's detriment does not support a breach of the implied covenant. In sum,

> the plain language of the [Purchase Agreement] makes clear that termination of the contract was a possibility and the parties, who were sophisticated, counseled business entities negotiating at arm's length over a prolonged period of time, should have understood and expected that termination of the agreement could occur during that specified window of time, and that such a decision was the purchaser's alone and did not need to be accompanied by any specific justification.

---

[2] Of note, "courts applying New York law generally find that provisions in contracts awarding one party sole discretion prevent claims for breach *so long as the discretion is not exercised 'arbitrarily or irrationally.'*" *Body Glove IP Holdings, LP v. Exist, Inc.,* No. 1:21-CV-01181 (JLR), 2023 WL 3568955, at *12 (S.D.N.Y. May 17, 2023) (citation omitted) (emphasis added); *see also Miller v. Great Lakes Med. Imaging, LLC,* 527 F. Supp. 3d 492, 500–01 (W.D.N.Y. 2021) (observing that "under New York law, 'even where a contract permits discretion to a contracting party, that party may not exercise that discretion arbitrarily or irrationally.'") (citation omitted). "Where termination [of a contract] is based on the exercise of discretion, the implied covenant of good faith includes a promise not to act arbitrarily or irrationally*." Fox y Garcia Constr. & Dev. Corp. v. Brijall Realty Corp.,* 57 Misc. 3d 1225(A), 92 N.Y.S.3d 703 (N.Y. Civ. Ct. 2017). The allegation that a party acted improperly in exercising its discretion could support a claim for breach, but, here, Plaintiff does not allege that Defendant acted in an arbitrary or irrational matter in determining that it did not obtain Final Approvals on satisfactory terms.

*ELBT Realty.,* 144 A.D.3d at 1084. Because Defendant "had the absolute right to [terminate the Purchase] Agreement in its sole discretion…, there can be no implied covenant claim against them." *See 111 W. 57th Inv. LLC v. 111 W57 Mezz Inv. LLC*, 220 A.D.3d 435, 436, 198 N.Y.S.3d 521, 523 (2023), *leave to appeal denied*, 41 N.Y.3d 905, 232 N.E.3d 766 (2024).

The Purchase Agreement is clear that Defendant could unilaterally terminate the Agreement during the Approval Period in its sole discretion, and it indeed did so. "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms," *Federico v. Dolitsky,* 176 A.D.3d 916, 918, 111 N.Y.S.3d 35, 37 (2019) (citation omitted), and the Court enforces it here so. Plaintiff has failed to state a claim for breach of contract and therefore is not entitled to a remedy of specific performance. The Court dismisses Plaintiff's Complaint without prejudice and with leave to amend.

II.     Fees and Costs

Defendant argues that if the Court dismisses the Complaint, it should award Defendant reasonable attorneys' fees and costs "as the successful party in this litigation." (Def.'s MoL at 10.) The Purchase Agreement provides that if either party "brings an action to enforce its rights under this Agreement, the successful party shall be reimbursed by the unsuccessful party for all costs of enforcement, including reasonable attorneys' fees and disbursements, and court costs." (ECF No. 13-1, Section 16.4.) Though the Purchase Agreement provides for attorneys' fees, the Court does not find the Defendant to be the "the successful party in this litigation" at this time. (*See* Def.'s MoL at 10.) As stated in Section I, *supra*, the Court dismisses Plaintiff's Complaint without prejudice and with leave to amend. If a plaintiff remains "free to pursue [its] claims against the defendants," as in the case of a dismissal without prejudice, "because it remains to be seen which party will, in fact, prevail on the merits, defendants have not yet achieved a judicially sanctioned

change in the legal relationship of the parties so as to be considered 'prevailing' under Rule 54(d)," and therefore entitled to attorneys' fees. *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 103 (2d Cir. 2006); *see also Bray v. Purple Eagle Ent., Inc.*, 2019 WL 549137, at *4 (S.D.N.Y. Feb. 12, 2019) (finding "dismissal of the amended complaint with leave to amend does not qualify [d]efendants as 'prevailing parties'"); *Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 266 (S.D.N.Y. 2013) (holding that defendants "remained at risk and therefore cannot be a 'prevailing party' entitled to costs [or attorney's fees] under Rule 54(d)" where court granted plaintiff leave to amend its claims). Here, Plaintiff is free to pursue its claims through filing an amended complaint, and Defendant remains at risk of an adverse ruling. Accordingly, an award of attorneys' fees is premature at this stage and the Court denies Defendant's request for leave to submit a fee petition.

## CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss the Complaint is GRANTED in part and DENIED in part.

The Court dismisses Plaintiff's Complaint without prejudice. Plaintiff is granted leave to file an Amended Complaint as to its breach of contract claim seeking specific performance. If Plaintiff chooses to do so, Plaintiff will have until July 9, 2024 to file an Amended Complaint. The Defendant is then directed to answer or otherwise respond by July 30, 2024.

If Plaintiff fails to file an Amended Complaint within the time allowed, and it cannot show good cause to excuse such failure, any claims dismissed without prejudice by this Order will be deemed dismissed with prejudice.

The Clerk of Court is kindly directed to terminate the motion at ECF No. 11.

Dated: June 18, 2024    SO ORDERED:
       White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge